574

UNITED STATES, Appellee,

v.

Sergeant First Class Eddie G. MUL-
LENS, 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, United States
Army, Appellant.

ACMR 8600556.

U.S. Army Court of Military Review.

22 March 1989.

For Appellant: Captain Brian D. Bailey,
JAGC, Captain Paula C. Juba, JAGC, Cap-
tain James E. O'Hare, JAGC (on brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Major Gary L. Hausken,
JAGC, Captain Anne E. Ehrsam, JAGC (on
brief).

Before HOLDAWAY, THORNOCK
and CARMICHAEL, Appellate Military
Judges.

OPINION OF THE COURT
ON REMAND

HOLDAWAY, Chief Judge:

This case has a tortured and all too
lengthy appellate history. In September
1986, after providently pleading guilty to
several specifications of forcible sodomy
and indecent acts with his children (multi-
ple acts taking place over a period of more
than two years), as well as driving under
the influence of alcohol and communication
of a threat, the appellant was sentenced to
a dishonorable discharge, confinement for
twenty-five years, and forfeiture of all pay
and allowances. Pursuant to a pretrial
agreement, the convening authority re-
duced the sentence to a dishonorable dis-
charge, confinement for fourteen years,

and forfeiture of $350.00 pay per month for fourteen years. In June of 1987, this court, after converting the forfeitures to a term of months, affirmed the findings and sentence. The appellant petitioned the Court of Military Appeals raising only the issue discussed at length, *infra.* In October 1987, the Court of Military Appeals remanded the case for consideration of a so-called *"Grostefon* issue,"[1] a wholly non-meritorious multiplicity issue. The appellant then, through counsel, filed a perfunctory brief on the *"Grostefon* issue."[2] We again affirmed. On the second petition to the Court of Military Appeals, the appellant again raised as the only issue the one now before us, that is, the failure of the trial judge to consider objections to uncharged misconduct that were contained in the stipulation of fact. The Court of Military Appeals, on the basis of *United States v. Glazier,* 26 M.J. 268 (C.M.A.1988), found that the military judge erred by his refusal to consider defense objection to the stipulation of fact. 27 M.J. 400. The Court did not assess for the effect of this error, but returned it to this court for such assessment.

▓ The facts are simple. The issue presented is of no complexity. The appellant was charged, *inter alia,* in a single specification with acts of sodomy with his son on numerous occasions between 1 November 1983 and 10 June 1986 at the family quarters at Fort Richardson, Alaska. Two other specifications alleged numerous acts of indecent liberties with his son and daughter during the time frame of 11 July 1984 and 9 July 1986 at the same Alaska location. The stipulation of fact adumbrated these acts as well as uncharged identical acts with the same children; the uncharged acts occurred earlier (between 6 June 1979 and 30 September 1983) and at a different location (Fort Campbell, Kentucky). At trial, the defense counsel objected to that portion of the stipulation containing the uncharged misconduct that had occurred at Fort Campbell. Relying on case law at the time of trial, the judge refused to consider the objection. This left appellant with an "either-or" situation. Because the pretrial agreement was conditioned on the stipulation of fact, appellant could either accept the stipulation or lose the advantages of the pretrial agreement. Rather than risking the loss of an extremely favorable pretrial agreement, the appellant accepted the stipulation. That, of course, was the error resolved by the Court of Military Appeals in its second remand. We must now address the question left unanswered by the trial judge, namely the admissibility of the uncharged misconduct; if we find it inadmissible, we then must assess the impact of the error.

We find the uncharged misconduct to be both relevant and admissible. The basis of admissibility is Rule for Courts–Martial 1001(b)4.[3] That rule permits the trial counsel to "present evidence as to any aggravating circumstance directly relating to or resulting from the offenses of which accused has been found guilty." This is a case, one which appellate courts do not always recognize, where the statutory language is so clear and its application so manifestly appropriate to the facts that we need not indulge in extended interpretation. It would be hard to imagine uncharged misconduct that is more directly related to the charged offenses than that in the instant case. The uncharged conduct is in

1. *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

2. *Grostefon* should be reconsidered by the Court of Military Appeals. This court has always considered matters raised by appellant whether or not assigned as error. We have, on appropriate occasions, specified issues raised neither by appellant nor counsel based on our required review of the "entire record." Very frankly, all *Grostefon* has accomplished in this case and many others is unwarranted delay with no real prospect of relief ever being granted. This case is an example. Appellate review should have

been completed long ago, yet a wholly non-meritorious *Grostefon* "error" delayed it. This was to the benefit of neither the appellant nor the system. At a minimum before remanding a case, it would appear that the *Grostefon* "error" should be assessed and if deemed without merit (as is almost invariably true) litigation should be terminated.

3. Manual for Courts–Martial, United States, 1984 [hereinafter M.C.M., 1984], Rule for Courts–Martial 1001(b)4.

fact part and parcel of the same course of conduct which is charged. This is exactly the kind of information that a court should have in assessing a penalty. Far from being a situation where unrelated and remote misconduct is used to brand the appellant a "bad man," this uncharged misconduct merely informs the court members of the true extent of misconduct that was charged. Although as we state below, this information could have had little impact on the members, nevertheless to have denied them this information would have been a disservice. It follows that in applying the balancing test required by M.C.M., 1984, Mil.R.Evid. 403 (*see also United States v. Martin*, 20 M.J. 227 (C.M.A.1985), *cert. denied*, 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed. 2d 295 (1986)), we find the probative value of the evidence does outweigh any danger of unfair prejudice.

In order to avoid a third remand, we will assume, *arguendo*, that the uncharged misconduct was erroneously admitted and assess for prejudice. We find none. The uncharged misconduct did not exacerbate in any significant way the nature of the offense nor did it increase its seriousness. It did not encompass conduct remote in time or different in nature to that charged. At most, it "aggravated" the offenses by showing that the conduct for which the appellant was charged began when the children were somewhat younger than the ages shown in the charged specifications. In any event, both children were sub-teens at the onset of the charged misconduct; the sensibilities of the court members were no doubt numbed by facts admitted which directly supported the specifications. It is difficult to believe their revulsion could have been significantly increased by learning that these sordid relationships had in fact begun earlier. Finally, even if prejudice can somehow be conjured up, surely the significant reduction effected by the convening authority purged any possible harm to the appellant. *See Martin* at 233 (particularly the final paragraph of Chief Judge Everett's concurring opinion).

We affirm the findings of guilty and the sentence.

Senior Judge THORNOCK and Judge CARMICHAEL concur.

UNITED STATES, Appellee,