UNITED STATES, Appellee,

v.

Eddie G. MULLENS, Sergeant First Class, U.S. Army, Appellant.

No. 58713.
CM 8600556.

U.S. Court of Military Appeals.

Feb. 20, 1990.

For Appellant: *Captain Paula C. Juba* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Brian D. Bailey* (on brief); *Colonel John T. Edwards.*

For Appellee: *Captain Jonathan F. Potter* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Gary L. Hausken* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members on September 8, 1986, at Fort Richardson, Alaska. Pursuant to his pleas, he was found guilty of drunk driving, two specifications of sodomy on his minor son,

one specification each of indecent acts with his minor son and with his minor daughter, and communicating a threat, in violation of Articles 111, 125, and 134, Uniform Code of Military Justice, 10 USC §§ 911, 925, and 934, respectively. The members sentenced appellant to a dishonorable discharge, confinement for 25 years, and total forfeitures. The convening authority, in accordance with his pretrial agreement, approved the dishonorable discharge, 14 years' confinement, and forfeiture of $350.00 pay per month for 14 years.

The Court of Military Review has affirmed this case three times. *See* 24 MJ 745 (June 17, 1987); 25 MJ 708 (December 17, 1987); and 28 MJ 574 (March 22, 1989). We granted review of the following issues of law:

## I

WHETHER THE MILITARY JUDGE ERRED TO THE MATERIAL PREJUDICE OF APPELLANT BY ADMITTING A STIPULATION OF FACT CONTAINING UNCHARGED MISCONDUCT.

## II

WHETHER, ASSUMING THAT ADMISSION OF SAID EVIDENCE WAS PROPER, THE MILITARY JUDGE ERRED IN FAILING TO INSTRUCT THE PANEL ON THE LIMITED PURPOSE FOR WHICH THE EVIDENCE COULD BE CONSIDERED.

We find no error in this case.

The Court of Military Review found·the following facts concerning the granted issues:

The appellant was charged, *inter alia*, in a single specification with [committing] acts of sodomy with his son on *numerous* occasions between 1 November 1983 and 10 June 1986 at the family quarters at Fort Richardson, Alaska. Two other specifications alleged *numerous* acts of indecent liberties with his son and daughter during the time frame of 11 July 1984 and 9 July 1986 at the same Alaska loca-

tion. The stipulation of fact adumbrated these acts as well as uncharged identical acts with the same children; the uncharged acts occurred earlier (between 6 June 1979 and 30 September 1983) and at a different location (Fort Campbell, Kentucky). At trial, the defense counsel objected to that portion of the stipulation containing the uncharged misconduct that had occurred at Fort Campbell.

Relying on case law at the time of trial, the judge refused to consider the objection. This left appellant with an "either-or" situation. Because the pretrial agreement was conditioned on the stipulation of fact, appellant could either accept the stipulation or lose the advantages of the pretrial agreement. Rather than risking the loss of an extremely favorable pretrial agreement, the appellant accepted the stipulation.

28 MJ at 575 (emphasis added).

---

■ Our starting point in resolving the granted issues is *United States v. DeYoung*, 29 MJ 78 (CMA 1989). There, we held that a military judge must affirmatively rule on defense objections to a stipulation of fact even if this stipulation had been previously signed by the accused and his counsel. Here, the military judge engaged in similar evasive maneuvers, although defense counsel made it clear that he considered his objections denied. We again hold that the military judge is required by Article 51(b), UCMJ, 10 USC § 851(b), and RCM 801(a)(4), Manual for Courts–Martial, United States, 1984, to rule on these objections.

In this light, we note that there was no provision in appellant's pretrial agreement concerning "judicial modification of the [agreed] stipulation" of fact (*cf. United States v. DeYoung, supra* at 80–81) or admissibility of this stipulation. *See United States v. Glazier*, 26 MJ 268, 270 (CMA 1988). Inexplicably, the parties to this trial acted as if there were such provisions in the agreement. In any event, judicial modification of the stipulation was possible

and, accordingly, appellant's objections to the stipulation must be particularly entertained. *See United States v. Glazier, supra; cf. United States v. DeYoung, supra.*

■ Appellant's first objection to this stipulation was that it contained admissions to acts of uncharged misconduct, evidence of which was inadmissible under Mil.R. Evid. 404(b), Manual, *supra.* Indeed, the stipulation did contain assertions of facts which constitute uncharged sexual misconduct and from which an inference could be drawn that appellant was a sexual degenerate. However, appellant pleaded guilty in this case. These admissions and the inferences drawn thereon were not offered to show he did the charged offenses but to assist the members in determining an appropriate sentence for his crimes. Accordingly, the concerns of Mil.R.Evid. 404(b) were not implicated in this case. *United States v. Wingart,* 27 MJ 128, 135–36 (CMA 1988). *See United States v. Martin,* 20 MJ 227, 229 n.3 (CMA 1985) (opinion of Cox, J.), *cert. denied,* 479 U.S. 917, 107 S.Ct. 323, 93 L.Ed.2d 295 (1986).

■ Appellant next contended that the uncharged misconduct was not properly a matter in aggravation under RCM 1001. *See United States v. Wingart, supra* at 136. RCM 1001(b)(4) provides:

*Evidence in aggravation.* The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Except in capital cases a written or oral deposition taken in accordance with R.C.M. 702 is admissible in aggravation.

### Discussion

Evidence in aggravation may include evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

*See also* RCM 1004 concerning aggravating circumstances in capital cases.

Clearly, the uncharged misconduct delineated in this stipulation was directly related to the conduct for which appellant was found guilty. The stipulation evidenced a continuous course of conduct involving the same or similar crimes, the same victims, and a similar situs within the military community, *i.e.,* the servicemember's home. *Cf. United States v. Silva,* 21 MJ 336 (CMA 1986). These incidents demonstrate not only the depth of appellant's sexual problems, but also the true impact of the charged offenses on the members of his family. These were appropriate sentence considerations under the above Manual rule. *See generally United States v. Wilson,* 28 MJ 48, 50 (CMA 1989).

Appellant at trial further contended that the statute of limitations provided in Article 43, UCMJ, 10 USC § 843, was violated by recitation of the facts of these uncharged crimes at his court-martial. On appeal, he also suggests that admission of evidence of this misconduct was unfairly prejudicial within the meaning of Mil.R. Evid. 403. We find no legal support for the former argument and, in view of the judge's express ruling, we find no abuse of his discretion under Mil.R.Evid. 403. *United States v. Fontenot,* 29 MJ 244, 252 (CMA 1989).

■ The second issue in this case is whether the judge erred by failing to instruct the panel members on the purpose for which this uncharged misconduct might be considered. We note that defense counsel did not request specific limiting instructions on this point (*see* RCM 1005(f)) and trial counsel's argument on these matters was not plain error. In fact, the large number of identical offenses for which appellant was actually convicted coupled with the extended period of their occurrence and the victims' continuous minority suggest that such a limiting instruction would be superfluous. In any event, we note that the judge instructed the members that "you must bear in mind that the accused is to be sentenced only for the offenses of which he has been found guilty" and "[y]ou

should give consideration to the Stipulation of Fact that the parties have entered into, as to the facts surrounding the offenses." There was no error in this context.

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring in the result):

I join fully in Judge Sullivan's analysis, except that I have some question as to whether the challenged evidence was "directly relating to" the offenses of which Mullens was found guilty within the meaning of RCM 1001(b)(4), Manual for Courts-Martial, United States, 1984. However, even assuming that admission of this evidence was error, I agree fully with Chief Judge Holdaway in the court below that, in view of the substantial reduction in sentence that has already taken place, this error cannot have prejudiced appellant as to his sentence.