**UNITED STATES**

v.

**Airman First Class Aaron C. TURNER, United States Air Force.**

**ACM 35555.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 30 Jan. 2003.

16 Sept. 2005.

---

Appellate Counsel for Appellant: Colonel Beverly B. Knott, Major Terry L. McElyea, Major Natasha V. Wrobel, and Major Andrea M. Gormel.

Appellate Counsel for the United States: Colonel LeEllen Coacher, Lieutenant Colonel Robert V. Combs, and Major Heather L. Mazzeno.

Before STONE, Senior Judge, SMITH, and MATHEWS, Appellate Military Judges.

## OPINION OF THE COURT

STONE, Senior Judge:

A military judge sitting as a general court-martial, convicted the appellant, consistent with his pleas, of attempted robbery and housebreaking, in violation of Articles 80 and 130, UCMJ, 10 U.S.C. §§ 880, 930. The military judge sentenced him to a dishonorable discharge, confinement for 74 months, forfeiture of all pay and allowances, and reduction to E–1. The convening authority approved the sentence as adjudged.

### Background

While stationed at Nellis Air Force Base, Nevada, the appellant worked part-time for two years as an assistant manager at the Rancho Santa Fe movie theater in the city of Las Vegas. When the appellant quit his position as assistant manager, he retained a key to the theater without permission. Late one night, wearing dark clothing from head to foot, he entered the theater through a door that was left ajar. When he came to a locked door, he used the key he had to unlock it. His entry into the theater formed the basis of the housebreaking offense.

The appellant then approached a theater employee who was working in the projection room. Brandishing a BB gun that closely resembled a 9–millimeter handgun, he de-

manded that he be taken to the money room, where cash receipts were collected, counted, and stored. Once inside the money room, the appellant repeatedly ordered the three employees who were present to get on the floor. When one of the employees refused, the appellant fled the building without taking any money. This conduct formed the basis of the attempted robbery offense.

Despite his efforts to disguise his face, the employees recognized the appellant, who was apprehended shortly thereafter. At trial, the appellant pled guilty to both charges and their specifications. He assigns two issues on appeal. The first concerns the admission of uncharged misconduct in the presentencing proceedings. The second raises the question of whether it was unreasonable to charge both housebreaking and attempted robbery. Finding no merit to either issue, we affirm.

### Uncharged Misconduct

The military judge below denied a motion in limine to exclude evidence indicating the appellant was involved in another robbery at the Rancho Santa Fe movie theater several weeks prior to the charged offenses. Consequently, a female acquaintance of the appellant testified that he admitted to previously robbing the same theater with a friend. The appellant contends this testimony was improperly admitted as aggravation evidence under Rule for Courts–Martial (R.C.M.) 1001(b)(4). Additionally, he believes the testimony was substantially more prejudicial than probative and should have been excluded under Mil. R. Evid. 403.

■ We review a military judge's evidentiary rulings for an abuse of discretion. *United States v. Sullivan,* 42 M.J. 360, 363 (C.A.A.F.1995). When the military judge conducts a proper balancing test pursuant to Mil. R. Evid. 403, we will not overturn the ruling to admit the evidence unless there is a "clear abuse of discretion." *United States v. Ruppel,* 49 M.J. 247, 250 (C.A.A.F.1998).

■ We first address R.C.M. 1001(b)(4), which provides that "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been

found guilty." This rule does not authorize introduction of evidence of bad character or uncharged misconduct except under limited circumstances. But case law in this area is relatively well developed and provides guidance as to when uncharged misconduct crosses the line into improper aggravation evidence. *See, e.g., United States v. Shupe,* 36 M.J. 431 (C.M.A.1993) (evidence of uncharged distribution of illegal drugs to buyers on military installation was admissible to show that the charged offense was part of an ongoing conspiracy); *United States v. Ross,* 34 M.J. 183, 187 (C.M.A.1992) (evidence that the accused altered test scores on multiple occasions beyond those he was convicted of was admissible to show the "continuous nature of the charged conduct and its full impact on the military community"); *United States v. Mullens,* 29 M.J. 398 (C.M.A.1990) (evidence of numerous indecent liberties with the appellant's children was admissible where charged offenses were sodomy and indecent acts with the same children).

This issue invites comparison to *United States v. Nourse,* 55 M.J. 229 (C.A.A.F.2001). In that case, our superior court reaffirmed previous guidance on what constitutes proper aggravation evidence. The court concluded that "when uncharged misconduct is part of a *continuous course of conduct involving similar crimes and the same victims,* it is encompassed within the language 'directly relating to or resulting from the offenses of which the accused has been found guilty' under RCM 1001(b)(4)." *Id.* at 232 (emphasis added). In arguing that the military judge abused his discretion, the appellant focuses on the phrase "continuous course of conduct." He suggests that even if the earlier robbery at the theater was deemed a similar crime involving the same victim and the same situs, it did not constitute a "continuous course of conduct" because it did not involve multiple uncharged crimes or an ongoing criminal scheme.

We are wholly unpersuaded by this argument, both factually and logically. First, we are disinclined to establish a minimum number of prior bad acts before such evidence would be admissible under R.C.M. 1001(b)(4). Furthermore, the relevant inquiry is, and

always has been, whether the uncharged misconduct "directly relates to" the charged offense, not whether it involves a single incident. The challenged evidence must assist the sentencing authority in assessing the full impact of the crime on the victim by placing the charged crime into the proper context. We conclude the military judge did not abuse his discretion in admitting the testimony pursuant to R.C.M. 1001(b)(4).

■ We next turn our attention to whether the uncharged misconduct was admissible under Mil. R. Evid 403, which provides that otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." The appellant argues that this evidence was unfairly prejudicial because the earlier incident of misconduct was a completed robbery rather than a mere attempt. We are unconvinced that the attempted robbery was significantly less egregious than the completed robbery. The appellant's misconduct would have been only moderately more reprehensible had he actually succeeded in taking the money.

In any event, the military judge took this concern into account in making his Mil. R. Evid. 403 ruling. He stated: "The proffered evidence has a high level of similarity, and occurred shortly before the charged offense. The Court recognizes that this evidence, which involves a completed robbery, is prejudicial. However, the probative value, that is, putting the accused's offense in context, is not substantially outweighed by the danger of unfair prejudice." It is also clear the military judge understood that the appellant could not be punished for the prior robbery. Based on this record, we cannot say the military judge clearly abused his discretion in weighing the probative value of the prior, completed robbery against any prejudicial effect it might have presented. We therefore hold that the military judge did not err in admitting evidence concerning the prior robbery at the Rancho Santa Fe movie theater.

*Unreasonable Multiplication of Charges*

We now turn to the remaining issue. Before entering his pleas to attempted robbery and housebreaking, the appellant moved for appropriate relief for unreasonable multiplication of charges, requesting that the military judge limit his sentence exposure to a maximum of ten years of confinement. The appellant now argues on appeal that the military judge erred in denying this motion. In particular, the appellant claims that both crimes arose out of a single impulse or intent and demonstrated a continuous course of conduct. He argues that charging him with attempted robbery would have adequately captured his criminal conduct.

■ The equitable doctrine of unreasonable multiplication of charges is intended to control prosecutorial overreaching by ensuring that "[w]hat is substantially one transaction" is not made the basis of multiple charges against the same person. R.C.M. 307(c)(4), Discussion. In *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F.2001), our superior court adopted the following nonexclusive factors for determining whether the government has unreasonably multiplied charges:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?

(2) Is each charge and specification aimed at distinctly separate criminal acts?

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?

(4) Does the number of charges and specifications *unfairly* increase the appellant's punitive exposure?

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*See also United States v. Pauling*, 60 M.J. 91, 95 (C.A.A.F.2004).

■ In applying these factors, we note that even though the appellant raised the issue of unreasonable multiplication of charges at trial, the appellant has not satisfied the other four criteria. First, the charges of housebreaking and attempted robbery are aimed at distinctly separate acts, as

established by the President in the *Manual for Courts–Martial, United States (MCM)*, Part IV, ¶ 56c(6) (2002 ed.). Both housebreaking and the intended underlying offense "may be separately charged." *Id.* Indeed, "[b]etter examples of separate offenses can hardly be imagined." *United States v. Halti-wanger*, 50 C.M.R. 255, 1975 WL 15587 (A.F.C.M.R.1975) (quoting *United States v. Gibson*, 14 C.M.R. 164, 171, 1954 WL 2109 (C.M.A.1954)). Nor is the appellant's criminality misrepresented or exaggerated. He could have been charged with housebreaking the moment he entered the movie theater. He took additional steps to further his robbery attempt, to include threatening the victims and ordering them to let him into the money room. Even if the housebreaking never occurred, the appellant's actions within the movie theater would have been sufficient to charge him with attempted robbery. Additionally, the appellant's punitive exposure was not unreasonable. Housebreaking carries a maximum of 5 years of confinement, whereas attempted robbery carries a maximum of 10 years. Considering the gravity of the appellant's crimes, the combined total of 15 years was not excessive or unreasonable. Finally, there was no evidence of prosecutorial overreaching. We find that the appellant could fairly and reasonably be held accountable for more than one offense for his conduct on that night. Therefore, we hold that the appellant was not subjected to an unreasonable multiplication of charges.

### Conclusion

The approved findings of guilty and the sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.