# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

_____

### No. 201600438

_____

### UNITED STATES OF AMERICA
Appellee

v.

### HOWARD P. THOMAS
Aviation Electrician's Mate Second Class (E-5), U.S. Navy
Appellant

_____

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Ann K. Minami, JAGC, USN.
Convening Authority: Commanding Officer, Fleet Readiness Center
Northwest, Naval Air Station Whidbey Island, Oak Harbor, WA.
Staff Judge Advocate's Recommendation: Lieutenant Tadd C. Blair,
JAGC, USN
For Appellant: Lieutenant R. Andrew Austria, JAGC, USN.
For Appellee: Commander James E. Carsten, JAGC, USN; Major
Kelli A. O'Neil, USMC.

_____

Decided 31 October 2017

_____

Before HUTCHISON, PRICE, and SAYEGH, _Appellate Military Judges_

_____

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of two specifications of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928 (2012). The military judge sentenced the appellant to eight

months' confinement, reduction to pay grade E-1, and a bad-conduct discharge. In accordance with a pretrial agreement, the convening authority (CA) approved the sentence as adjudged but suspended the punitive discharge and confinement in excess of 45 days.

In a single assignment of error, the appellant asserts that the military judge abused her discretion when she admitted evidence during presentencing that was not directly related to the offenses to which the appellant pleaded guilty.[1] After reviewing the record of trial and the parties' submissions, we find no error materially prejudicial to the substantial rights of the appellant and affirm. Arts. 59(a), 66(c), UCMJ.

## I. BACKGROUND

While deployed to Misawa Air Base, Japan, the appellant, Aviation Electrician's Mate Third Class (AE3) SM, Aviation Electronics Technician Third Class (AT3) MM, and other members of the appellant's work center were socializing near the smoke pit outside of the enlisted barracks. As AE3 SM and AT3 MM were leaving the smoke pit together, the appellant gave AT3 MM a hug. While hugging her, he reached with his left hand and grabbed the breast of AE3 SM, who was standing next to AT3 MM. After he finished hugging AT3 MM, the appellant then stepped back and grabbed her breast.

During presentencing, the trial counsel (TC) asked AE3 SM if she had ever had any issues or problems working with or being supervised by the appellant. She answered that he had previously made her "feel highly uncomfortable."[2] The trial defense counsel objected, alleging the response was improper evidence in aggravation. The TC argued that AE3 SM's response was proper aggravation because it showed a continuous course of conduct. The military judge (MJ) overruled the objection and AE3 SM went on to explain that she felt "highly uncomfortable being anywhere alone with him," because "[t]here was a lot of unwanted touching in the form of shoulder massages and just comments that [she] did not feel comfortable with."[3]

## II. DISCUSSION

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. McDonald*, 59 M.J. 426, 430 (C.A.A.F. 2004) (citing *United States v. Tanksley*, 54 M.J. 169, 175 (C.A.A.F. 2000)). "The abuse of discretion standard is a strict one, calling for more than a mere

---

[1] Raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982).

[2] Record at 164.

[3] *Id.* at 165.

difference of opinion." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (citation and internal quotation marks omitted). In determining whether a judge has abused her discretion regarding the admission of evidence, the military judge's decision will stand unless the challenged action is "arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *Id.* (citation and internal quotation marks omitted).

RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.) provides that "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Additionally, "when uncharged misconduct is part of a continuous course of conduct involving similar crimes and the same victims, it is encompassed within the language 'directly relating to or resulting from the offenses of which the accused has been found guilty' under RCM 1001(b)(4)." *United States v. Nourse*, 55 M.J. 229, 232 (C.A.A.F. 2001). In *Nourse*, the Court of Appeals for the Armed Forces concluded that evidence of the appellant's uncharged larcenies from the same victim in the same place was admissible because it was directly related to the charged offenses as part of a continuing scheme to steal from a single victim. *Id.* at 230-32; *see also United States v. Mullens*, 29 M.J. 398, 400 (C.M.A. 1990) (holding that evidence of uncharged indecent liberties the appellant took with his children at a prior duty station years prior to the charged misconduct was admissible under R.C.M. 1001(b)(4) for convictions of sodomy and indecent acts with his children); *United States v. Bullard*, No. 201600122, 2016 CCA LEXIS 558, at *3-4 (N-M. Ct. Crim. App. 22 Sep 2016) (holding that an uncharged battery upon the same child victim that occurred the same week and was similar to the physically abusive conduct in the two pled battery offenses was admissible as aggravation evidence).

Here the evidence of prior unwanted touching—shoulder massages—is similar to the offenses charged and involves one of the victims of an offense to which the appellant pleaded guilty. This testimony puts the offense regarding AE3 SM in context and provides evidence of the appellant's "continuous course of conduct involving the same or similar crimes, the same victim[], and a similar situs within the military community." *Mullens*, 29 M.J. at 400. Consequently, the evidence is directly related to the offense.

However, sentencing evidence is also subject to MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). If the military judge conducts a proper balancing test under MIL. R. EVID. 403, the "ruling will not be overturned unless there is a 'clear abuse of discretion.'" *Id.* (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F.

1998)). We give less deference to the military judge if she fails to articulate her MIL. R. EVID. 403 balancing analysis on the record, and no deference if she fails to conduct it all. *Manns,* 54 M.J. at 166. Because the military judge here did not conduct a MIL. R. EVID. 403 balancing on the record, we examine the record ourselves. *Id.*

We conclude that the probative value of the evidence is not "substantially outweighed" by the danger of "unfair prejudice." MIL. R. EVID. 403. AE3 SM's testimony regarding her feelings and the appellant's previous "unwanted touching[,]" was probative of the extent of the harm suffered by AE3 SM, and not substantially outweighed by the danger of unfair prejudice. The evidence was limited to a single statement, and the appellant chose to be sentenced by a military judge, where "the potential for unfair prejudice was substantially less than it would be in a trial with members." *Manns*, 54 M.J. at 167. We are confident the military judge was "able to sort through the evidence, weigh it, and give it [the] appropriate weight." *Id.*

We conclude, therefore, that the military judge did not abuse her discretion in admitting AE3 SM's challenged testimony.

Even assuming error in admitting AE3 SM's testimony, the appellant is only entitled to relief if he can demonstrate that the error materially prejudiced his substantial rights. Art. 59(a), UCMJ. As the sentencing authority, military judges are "presumed to know the law and follow it absent clear evidence to the contrary." *United States v. Erickson,* 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason,* 45 M.J. 483, 484 (C.A.A.F. 1997)). Despite the appellant's assertions, there is no indication that the military judge gave undue weight to AE3 SM's testimony regarding the appellant's prior conduct. Indeed, the record contains significant additional evidence in aggravation, including the remainder of AE3 SM's testimony, where she described the effect that the appellant's assault had on her relationship with her spouse, how she became depressed, and felt "paranoid;" how she would not answer her phone or door and "would be looking over [her] shoulder all the time[.]"[4]

Under these circumstances, we are confident that even if admitting the challenged testimony was error, the error did not substantially influence the adjudged sentence, or materially prejudice the appellant. *See United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005).

---

[4] *Id.* at 170. *See also* Prosecution Exhibit 4 (AT3 MM's written statement).

### III. CONCLUSION

The findings and sentence, as approved by the CA, are affirmed.

For the Court



R.H. TROIDL
Clerk of Court