# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40336**

————————————

**UNITED STATES**
*Appellee*

v.

**Michael J. ESTEP**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 August 2023

————————————

*Military Judge*: Shad R. Kidd.

*Sentence*: Sentence adjudged 14 June 2022 by GCM convened at Whiteman Air Force Base, Missouri. Sentence entered by military judge on 11 July 2022: Dishonorable discharge, confinement for 3 years, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant*: Major Eshawn R. Rawlley, USAF.

*For Appellee*: Lieutenant Colonel G. Matt Osborn, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and MASON, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

MASON, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement,[1] of one charge with one specification of possession of child pornography on divers occasions and one specification of distribution of child pornography on divers occasions, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[2] The military judge sentenced Appellant to a dishonorable discharge, confinement for three years, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the findings or sentence.

Appellant's counsel submitted this case for review on its merits. Appellant personally raises two issues: (1) whether the military judge abused his discretion by considering as aggravation evidence Prosecution Exhibit 8, a video depicting child pornography, without determining whether Appellant knowingly possessed it and without properly weighing its probative value; and (2) whether the sentence adjudged by the court-martial is inappropriately severe.[3] We find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

On 21 February 2021, the National Center for Missing and Exploited Children notified Missouri State Highway Patrol (MSHP) that there was suspected child pornography activity associated with Appellant's Dropbox account. Pursuant to a search warrant, MSHP discovered suspected child pornography in Appellant's Dropbox account and another messenger application.

Subsequently, agents from the Air Force Office of Special Investigations (AFOSI) interviewed Appellant. Appellant waived his rights to silence and counsel, and readily cooperated with investigators. Appellant consented to the search of his two phones: an older model and a recently purchased model. He also provided AFOSI with the information to access the phones.

---

[1] The plea agreement limited the possible confinement range. Specifically, Appellant's confinement could be no less than 18 months and no more than 7 years for each specification, and the periods of confinement were to run concurrently.

[2] Unless otherwise noted, all references in this opinion to the UCMJ, Military Rules of Evidence, and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[3] Appellant raises both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Review of Appellant's two phones revealed that he possessed 55 images and 48 videos of child pornography. Appellant admitted that during the charged timeframe he knowingly and voluntarily possessed these digital files. He stated that he kept them in password-protected data storage applications on his phone and he could readily access them.

On 6 January 2021, Appellant was messaging with a person using the WhatsApp messaging application. The person asked for depictions of young boys. In response, Appellant messaged this person two files of child pornography depicting young boys: a digital image and a digital video file.

In presentencing, trial counsel offered Prosecution Exhibit 3 which included the 55 images and 48 videos of child pornography found on Appellant's phones. Appellant stipulated to the admission of this exhibit and the military judge admitted it. Trial counsel also offered Prosecution Exhibit 8 which was a video containing child pornography that was also found on Appellant's older phone. Appellant stipulated to this exhibit's authenticity and that a proper foundation existed. However, Appellant objected to the admission of this exhibit arguing that it was not proper aggravation evidence and that it failed a Mil. R. Evid. 403 balancing test. The military judge overruled Appellant's objections and admitted Prosecution Exhibit 8.

## II. DISCUSSION

### A. Prosecution Exhibit 8 as Aggravation Evidence

#### 1. Law

We review a military judge's decision on admission of sentencing evidence for an abuse of discretion. *United States v. Barnett*, 63 M.J. 388, 394 (C.A.A.F. 2006). The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion; the challenged action must be arbitrary, fanciful, clearly unreasonable or clearly erroneous. *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000). A military judge abuses his discretion when: (1) the findings of fact upon which he predicates his ruling are not supported by the evidence of record; (2) incorrect legal principles were used; or (3) his application of the correct legal principles to the facts is clearly unreasonable. *United States v. Ellis*, 68 M.J. 341, 344 (C.A.A.F. 2010).

Rule for Courts-Martial (R.C.M.) 1001(b)(4) permits trial counsel to present evidence as to any aggravating circumstances directly related to or resulting from the offenses of which an accused has been found guilty. "This rule does not authorize introduction of evidence of bad character or uncharged misconduct except under limited circumstances. But case law in this area is relatively well developed and provides guidance as to when uncharged misconduct crosses the line into improper aggravation evidence." *United States v. Turner*,

62 M.J. 504, 506 (A.F. Ct. Crim. App. 2005) (citing *United States v. Shupe*, 36 M.J. 431 (C.M.A. 1993)) (additional citations omitted). When uncharged misconduct is part of a continuous course of conduct involving similar crimes and the same victims, it is encompassed within the language directly relating to or resulting from the offense of which the accused has been found guilty under R.C.M. 1001(b)(4). *United States v. Nourse*, 55 M.J. 229, 231–32 (C.A.A.F. 2001).

Sentencing evidence like all other evidence is subject to the balancing test of Mil. R. Evid. 403. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). A military judge enjoys wide discretion in applying Mil. R. Evid. 403. *Id.* When a military judge conducts a proper balancing test under Mil. R. Evid. 403 on the record, the ruling will not be overturned unless there is a clear abuse of discretion. *Id.*

**2. Analysis**

Appellant asserts that the military judge erred when he admitted Prosecution Exhibit 8, the additional video of child pornography recovered from his older phone. He argues that this evidence was not proper aggravation evidence because he may not have knowingly possessed this video. He further argues that this evidence fails a Mil. R. Evid. 403 balancing test.

Uncharged misconduct evidence may be admissible as aggravation evidence if it directly relates to an offense of which an accused was convicted as evidence of a continuous course of conduct in order to show the full impact of the offense for which the accused is to be sentenced. *Nourse*, 55 M.J. at 231–32; *see also United States v. Wingart*, 27 M.J. 128, 135 (C.M.A. 1988) (holding that R.C.M. 1001(b)(4) allows a trial counsel to "present evidence as to any aggravating circumstances *directly relating to or resulting from* the offenses of which the accused has been found guilty"). Here, the military judge referred to a plethora of cases, including *Nourse*, finding that Prosecution Exhibit 8 was admissible under the continuing offense doctrine. Specifically, he found that the video offered in Prosecution Exhibit 8 was on the phone during the charged timeframe, that the possession of this video was the same offense as the one charged, and that the content was similar in nature rendering it, as he noted, "squarely admissible" under R.C.M. 1001(b)(4).

Next, the military judge conducted a thorough Mil. R. Evid. 403 balancing test on the record. He found that the video was probative as far as it gave some evidence with regard to time and the extent of the misconduct in question. Moreover, he found no unfair prejudice in this judge alone sentencing case. The military judge acknowledged the Defense's position that Appellant may not have known he had that particular video on his phone; in other words, that there may not have been a knowing possession of that video. He did not

preclude the Defense in any way from arguing that point. In the end, the military judge found that the probative value of this video was not substantially outweighed by the danger of unfair prejudice, cumulativeness, waste of time or any other considerations under Mil. R. Evid. 403.

The military judge's finding that the video depicted in Prosecution Exhibit 8 was part of a continuing course of conduct directly related to the charged offense of possession of child pornography was not arbitrary, fanciful, clearly unreasonable, or clearly erroneous. He properly conducted a Mil. R. Evid. 403 balancing test and was well within his wide discretion to find that the probative value of this video was not substantially outweighed by the danger of unfair prejudice. Thus, we find no error in the admission of Prosecution Exhibit 8.

## B. Sentence Appropriateness

### 1. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (footnote omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d), UCMJ, 10 U.S.C. § 866(d). We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record. *United States v. Fields*, 74 M.J. 619, 625 (A.F. Ct. Crim. App. 2015). While we have significant discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *Id*.

When considering the appropriateness of a sentence, we may consider that a plea agreement to which Appellant agreed placed limits on the sentence that could be imposed. *Fields*, 74 M.J. at 625–26.

### 2. Analysis

Appellant personally asserts that his sentence, which included three years of confinement combined with a dishonorable discharge, is inappropriately severe given his extenuating and mitigating circumstances.

Here, the charged offenses carried a maximum punishment that included up to an aggregate of 30 years confinement. The plea agreement in this case limited confinement to a maximum of 7 years, with a minimum of 18 months. Appellant's segmented sentence included only 18 months confinement for his distribution of child pornography on divers occasions and only three years confinement for his possession of 55 images and 48 videos of child pornography to run concurrently. We note, many of these digital files depict very young children engaged in graphic sexual acts. Regarding his distribution, in addition to

the image he distributed, Appellant distributed to an individual who asked for images or videos of young boys, a video depicting a child under the age of 10 years masturbating.

After carefully considering Appellant; the nature and seriousness of the offenses; the particularized extenuating and mitigating evidence, including his childhood sexual exposure and abuse; and all the other matters in the record of trial; we conclude Appellant's sentence is not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court