**UNITED STATES**

v.

**Colonel James A. SILLS, United States Air Force.**

**ACM 34323 (f rev).**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 July 2003.

30 Aug. 2005.

Appellate Counsel for Appellant: Colonel Carlos L. McDade, Major Sandra K. Whittington, Major Karen L. Hecker, Major Andrew S. Williams, Major Jennifer K. Martwick, and Captain Christopher S. Morgan.

Appellate Counsel for the United States: Lieutenant Colonel Gary F. Spencer, Lieutenant Colonel Robert V. Combs, and Major John C. Johnson.

Before STONE, ORR, and MOODY, Appellate Military Judges.

## OPINION OF THE COURT UPON FURTHER REVIEW

MOODY, Senior Judge:

The appellant currently stands convicted, contrary to his pleas, of one specification of making a false official statement and one specification of conduct unbecoming an officer, in violation of Articles 107 and 133, UCMJ, 10 U.S.C. §§ 907, 933. Our superior court affirmed these findings, but reversed as to sentence and returned the case for a sentence rehearing. *United States v. Sills*, 58 M.J. 23 (C.A.A.F.2002). At this rehearing, a panel of officer members sentenced the appellant to a dismissal and confinement for 3 years. The convening authority approved the dismissal and 2 years of confinement.

The appellant submits nine assignments of error, but we address only three: (1) whether the military judge erred when she admitted the prior testimony of two sexual assault victims as facts underlying the false official statement; (2) whether the military judge erred when she admitted three instances of uncharged misconduct; and (3) whether the sentence is inappropriately severe.[1] Finding no error, we affirm.

*Background*

In June 1997, the appellant completed a questionnaire as part of the screening process for a high-level security clearance. The

---

1. The remaining six assignments of error were submitted pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982). We have considered these assignments of error and find them to be without merit. *United States v. Matias,* 25 M.J. 356, 361 (C.M.A.1987).

paperwork included the following question: "Have you ever engaged in deviant sexual behavior? (i.e., incest, beastiality [sic], pedophilia, voyeurism, etc.)." The appellant answered the question in the negative. For this conduct, the appellant was convicted of making a false official statement in violation of Article 107, UCMJ.

At his original trial, the appellant was also convicted of engaging in indecent acts with a child, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The prosecution's evidence on these offenses involved the testimony of two females, KS (the appellant's stepdaughter) and JA (her friend). They described numerous instances in which the appellant engaged in sexual conduct with them prior to their sixteenth birthdays. During post-trial processing and appellate review these convictions were dismissed because the underlying acts occurred beyond the statute of limitations. *United States v. Sills*, 56 M.J. 556 (A.F.Ct.Crim.App.2001). However, this Court upheld the legal and factual sufficiency of the false official statement conviction, which was based upon the testimony of these two victims regarding the same indecent acts. *Id.* at 563–64.

Also at the original trial, the appellant was convicted of conduct unbecoming an officer and a gentleman, in violation of Article 133, UCMJ. The evidence in support of this charge established that the appellant served as the Deputy Commander of the 18th Flight Test Squadron at Hurlburt Field, Florida. While serving in that leadership role, he engaged in a personal, romantic relationship with a civilian secretary, ED, a subordinate to him in the same unit. This relationship became well known within the squadron and was the subject of considerable attention and comment. Even after the squadron commander ordered the appellant to cease his unprofessional behavior with the secretary, the appellant continued his relationship with her.

### Admissibility of Evidence

██ During the sentence rehearing, the military judge permitted the prosecution to play portions of the previously recorded testimony of KS and JA given at the original trial. This testimony described digital penetration and fondling. JA's testimony indicated the appellant masturbated in her presence. In challenging this evidence at the sentence rehearing, the trial defense counsel focused on the military judge's findings instructions at the original trial. The military judge had instructed the court members that the first element of the false official statement offense required them to find "the [appellant] made a certain official statement, to wit: he answered, 'No,' to the question 'Have you ever engaged in deviant sexual behavior?'" The military judge then defined "deviant" as "differing from a norm or from accepted moral or societal standards" and defined the word "sexual" as related or associated "with sex or the sexes or having or involving sex."

At trial and on appeal, the appellant contends these instructions were so broad that a subsequent court, on rehearing, could not determine which facts supported the panel's finding of guilt as to the false official statement. The trial defense counsel argued that it was "impossible to know with any reasonable degree of certainty which single incident the court members agreed upon beyond a reasonable doubt." The appellant challenges the military judge's ruling during the rehearing that KS's and JA's testimony was relevant. Additionally, he argues that their testimony was unduly prejudicial, contrary to Mil. R. Evid. 403. We do not agree.

The starting point for the admissibility of sentencing evidence in a rehearing is Rule for Courts–Martial (R.C.M.) 810(a)(2)(A). This rule provides that "[t]he contents of the record of the original trial consisting of evidence properly admitted on the merits relating to each offense of which the accused stands convicted but not sentenced may be established by any party whether or not testimony so read is otherwise admissible under [the hearsay rule found in] Mil. R. Evid. 804(b)(1)." The Discussion to R.C.M. 810(a)(2)(A) precludes the admission on sentence rehearing of "[m]atters excluded from the record of the original trial on the merits or improperly admitted on the merits."

The appellant's false statement consisted of a denial that he had ever engaged in deviant sexual behavior. It was an open-

ended question, on its face not limited to a specific time or place, and obviously intended to elicit facts bearing on the appellant's fitness for a high-level security clearance. As such, the testimony of these two victims, relating a kind of behavior that our superior court has, on more than one occasion, described as sexually deviant, is directly relevant to the element of falsity. *See United States v. Manns*, 54 M.J. 164, 165 (C.A.A.F. 2000); *United States v. Johnson*, 49 M.J. 467 (C.A.A.F.1998); *United States v. Zakaria*, 38 M.J. 280, 283 (C.M.A.1993). Indeed, the appellant himself, when cross-examined at the original trial, admitted that conduct such as that alleged against him by KS and JA would, if true, be sexually deviant. Furthermore, other sexual misconduct contained in the record, such as extramarital affairs with consenting adults, while bearing on other matters at the rehearing, could not reasonably be said to constitute sexual deviation in the sense implied by the security clearance questionnaire.

Although the appellant's convictions for indecent acts with these victims were ultimately dismissed due to the statute of limitations, dismissal for that reason does not impugn the credibility of the witnesses' testimony or impair its admissibility on the surviving charge of making a false official statement. *See Sills*, 56 M.J. at 559–64. *See also United States v. Zander*, 46 M.J. 558 (N.M.Ct.Crim. App.1997). Therefore, we conclude that, unlike the uncharged misconduct in *United States v. Kinman*, 25 M.J. 99 (C.M.A.1987), cited by the defense in support of this assignment of error, the testimony at issue here was necessary to establish the conviction.

Admittedly, we can never know whether the panel found all of the appellant's actions with these victims to be deviant or whether they believed some acts were deviant while others were not. Notwithstanding this circumstance, it is neither useful nor relevant to speculate about the members' findings at the original trial. *See United States v. Plott*, 38 M.J. 735, 740 (A.F.C.M.R.1993). The appellant was convicted of having made a false official statement at a specified place and time, and there is no ambiguity in this finding.

We review a military judge's decision to admit evidence for an abuse of discretion. *See United States v. Gogas*, 58 M.J. 96, 99 (C.A.A.F.2003); *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F.2001). Applying this standard of review, we easily conclude that the recorded testimony of KS and JA was properly admitted in the original trial as evidence of the appellant's guilt on the Article 107, UCMJ, offense, and thus admissible under the provisions of R.C.M. 810(a)(2)(A).

As to unfair prejudice, we ordinarily grant the military judge "wide discretion" in applying Mil. R. Evid. 403 and exercise "great restraint" if the military judge's reasoning is articulated on the record. *United States v. Humpherys*, 57 M.J. 83, 91 (C.A.A.F.2002). Although the military judge in this case did not articulate her reasons for finding no unfair prejudice, this Court has determined the record permits us to conduct the required balancing. *Id.* We do not find this testimony to be unfairly prejudicial. First and foremost, the military judge gave "clear, cogent, correct, and complete" limiting instructions on how the court members were to consider the testimony of these two witnesses. *United States v. Tanksley*, 54 M.J. 169, 177 (C.A.A.F.2000). Moreover, the testimony of KS and JA was important in evaluating the significance of the appellant's false statement on the high-level security clearance questionnaire—it clearly made him a greater security risk. We find the probative value of the evidence was not outweighed by the chance of unfair prejudice, and hold that the military judge did not err in permitting the testimony of these two witnesses to be played to the panel.

### Uncharged Misconduct

█ The appellant challenges the military judge's admission of evidence he contends is uncharged misconduct. He first challenges the admission of the recorded testimony of Colonel (Col) Lee, the appellant's former commander. Col Lee testified on findings at the original trial that he witnessed inappropriate behavior between the appellant and ED and that he ordered the appellant to stop such behavior. Specifically, he testified that he told the appellant, "People are talking. There's rumors flying ... I want you to stop

any physical touching with [ED] ... [y]ou got to keep it clean and professional during the work time." The evidence established that the appellant continued his inappropriate relationship with ED, even after he replaced Col Lee as the squadron commander. It was the appellant's relationship with ED that formed the basis of the charge of conduct unbecoming an officer.

We conclude that the appellant's continued relationship with ED in apparent disregard of Col Lee's orders, though not separately charged as a failure to obey a lawful order under Article 92, UCMJ, 10 U.S.C. § 892, was proper evidence before the original panel. This evidence was directly relevant to the charged offense—whether the appellant's behavior with ED was conduct unbecoming an officer. Consequently, it was admissible under R.C.M. 810(a)(2)(A).

Furthermore, this evidence was admissible under R.C.M. 1001(b)(4), which governs the admissibility of aggravation evidence during the presenting phase of a court-martial. The rule states, "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." *See also United States v. Wilson*, 47 M.J. 152 (C.A.A.F.1997). We conclude that Col Lee's testimony directly related to the charged offense of conduct unbecoming an officer and hold that the military judge did not abuse her discretion in permitting this testimony to be played to the members during the rehearing.

■ The appellant further argues that the military judge improperly admitted uncharged misconduct that he had engaged in extramarital affairs and had made another false official statement by not admitting these affairs on his security clearance paperwork. He correctly claims that even if this evidence was admitted at the first trial, it is not automatically admissible at a sentencing rehearing. Indeed, in accordance with R.C.M. 810(a)(2)(A), the evidence must have been "properly admitted on the merits" at the original trial and "relate to" the convictions which survived the appellate review process to be admissible.

The appellant did not object to this evidence at the original trial, but did challenge it at the sentence rehearing. The military judge nonetheless admitted the evidence as "proper aggravation," concluding it was "part and parcel" of the offense. We agree. Our superior court has elaborated on this concept. "[W]hen uncharged misconduct is part of a continuous course of conduct involving similar crimes and the same victims, it is encompassed within the language 'directly relating to or resulting from the offenses of which the accused has been found guilty' under RCM 1001(b)(4)." *United States v. Nourse*, 55 M.J. 229, 232 (C.A.A.F.2001).

We note that the appellant himself first raised the existence of a purported affair during litigation on the findings at the original trial. He further admitted to having lived with his second wife while married to his first wife. These affairs both occurred prior to 1997, when the appellant filled out the security clearance questionnaire, and were only brought up in the in the context of the subsequent unprofessional relationship with ED.

In addition, on the same security clearance questionnaire that formed the basis of the false official statement conviction, there was a separate question about whether the appellant had engaged in any activity that could subject him to blackmail, such as extra-marital affairs. The appellant had answered in the negative. Evidence of the extramarital affairs would lead a reasonable person to conclude that the appellant's answer was false. These matters, therefore, formed the basis for an uncharged instance of false official statement that occurred simultaneously with the charged offense and were directed toward the United States, reflecting the true impact of crimes upon the victim. *See Nourse*, 55 M.J. at 231–32. Therefore, it directly related to the conviction and was admissible as a matter in aggravation. R.C.M. 1001(b)(4). We conclude that the military judge did not abuse her discretion in admitting this evidence.

### Sentence Appropriateness

■ In determining sentence appropriateness, we have examined all the matters properly before the Court. We have paid partic-

ular attention to the appellant's sentencing evidence, which includes rescue operations by the appellant that were undeniably courageous. On the other hand, we have considered the fact that the inappropriate relationship between the appellant and ED attracted considerable attention within the squadron which he commanded. We have also taken into account other matters—that the appellant continued this relationship even after being counseled by his commander; the seriousness of the false statement; the fact that the false statement was made in an effort to obtain a high-level security clearance; and finally, the mendacity of the appellant's testimony on findings, especially his effort to describe his stepdaughter as a sexual aggressor—for their bearing on the appellant's potential for rehabilitation. *See United States v. Jenkins*, 54 M.J. 12, 19 (C.A.A.F.2000); *United States v. Warren*, 13 M.J. 278, 279 (C.M.A.1982). We conclude that the approved sentence is not inappropriately severe. *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.