# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

**UNITED STATES**

**v.**

**Lieutenant Colonel STEVEN S. MORITA**
**United States Air Force**

**ACM 37838 (rem)**

**7 December 2015**

Sentence adjudged 3 October 2010 by GCM convened at Travis Air Force Base, California. Military Judge: David S. Castro.

Approved Sentence: Dismissal, confinement for 12 months, and fine of $75,000.00; in the event the fine is not paid; to be confined for 12 months.

Appellate Counsel for Appellant: Major Christopher D. James; Major Zaven T. Saroyan; Major Nathan A. White; and Matthew A. Siroka (civilian counsel).

Appellate Counsel for the United States: Colonel Don M. Christensen; Colonel Katherine E. Oler; Lieutenant Colonel C. Taylor Smith; Major Jeremy D. Gehman; Major Tyson D. Kindness; Major Rhea A. Lagano; Major Charles G. Warren; and Gerald R. Bruce, Esquire.

Before

ALLRED, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT
UPON REMAND

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

HECKER, Judge:

A panel of officer members convicted Appellant contrary to his pleas at a general court-martial of seven specifications of forgery, one specification of larceny of government money, and one specification of forgery of signatures in connection with

claims, in violation of Articles 123, 121, and 132, UCMJ, 10 U.S.C. §§ 923, 921, 932. The members sentenced Appellant to a dismissal, confinement for 12 months, a fine of $75,000, and contingent confinement for an additional 12 months in the event the fine was not paid. The convening authority approved the sentence as adjudged.

*Appellant's Misconduct*

As discussed in detail in this court's prior decision, Appellant was a reserve Individual Mobilization Augmentee (IMA) who used his experience and status as the only reservist in his assigned office, along with his unit's unfamiliarity with reserve procedures and failure to exercise vigilance, to take advantage of the lack of oversight over his actions. From approximately November 2005 to October 2008, Appellant repeatedly forged the signatures of his supervisors and several other officials to create authorizations for him to be placed on travel orders and to receive compensation for travel expenses. He was ultimately charged with and convicted of forging 510 signatures or sets of initials on more than 100 documents. The Government also alleged that some amount of his travel reimbursement amounted to larceny, asserting that some trips for which he was reimbursed involved personal travel while other reimbursements involved excess expenses claimed in the course of apparently official travel. Appellant was also convicted of one specification of larceny covering this time period.

*Procedural Background*

During the initial review of this court, Appellant argued: (1) all charges and specifications should be dismissed because the Government failed to prove he was subject to UCMJ jurisdiction during the charged time frame; (2) the two forgery charges were multiplicious; and (3) the military judge abused his discretion by allowing a major change to the larceny charge over defense objection. As a sub-issue to Issue 3, Appellant alleged the evidence was legally and factually insufficient concerning the conviction of Charge II and its Specification. On 10 January 2014, this court found Appellant was not subject to court-martial jurisdiction for some of the charged offenses, and that Charge I and the Additional Charge were multiplicious. We modified the findings accordingly and reassessed the sentence, as discussed below. *United States v. Morita*, 73 M.J. 548, 568 (A.F. Ct. Crim. App. 2014). We also sua sponte granted some sentence relief due to post-trial delay. *Id.*

On 16 March 2015, the Court of Appeals for the Armed Forces affirmed in part and reversed in part this court's ruling, as discussed below. *United States v. Morita*, 74 M.J. 116 (C.A.A.F. 2015). That court then remanded the case to us.

*Findings and Sentence Following Appellate Review*

During our initial review of this case, we found Appellant was subject to the UCMJ for his misconduct during ten specific time periods. Based on this jurisdictional limitation and evidence presented at trial, we found the evidence factually and legally sufficient to sustain Appellant's conviction for 159 of the original 510 forgeries. *Morita*, 73 M.J. at 566. We therefore dismissed two of the forgery specifications and removed other forgeries from the lists found in the remaining five specifications. We also dismissed the larceny specification due to insufficient proof that the relevant misconduct occurred during any of the ten specific time periods. Lastly, we dismissed the charge of larceny of signatures in connection with claims, finding it multiplicious with the remaining forgery specifications. *Id.* We then reassessed the sentence to a dismissal and three months of confinement, finding this cured any prejudicial effect of the errors in this case with regard to the sentence. Due to post-trial delay, we further reduced the sentence to a dismissal. *Id.*

Our superior court disagreed with our conclusion that Appellant was subject to UCMJ jurisdiction for seven of the ten time periods, holding that such jurisdiction only existed within the time periods covered by lawfully requested and approved orders which were not forged by Appellant and for which Appellant was actually credited and compensated.[1] *Morita*, 74 M.J. at 121–22. That court therefore reversed our decision for the seven time periods covered by forged orders or travel vouchers. *Id.* at 123–24. The case was then remanded to us to either conduct a sentence reassessment or order a sentence rehearing. *Id.* at 124.

*Sentence Reassessment*

As we did during our first review, we have considered the possibility of returning this case for a sentence rehearing. However, we are again confident we can accurately reassess Appellant's sentence.

This court has "broad discretion" in deciding to reassess a sentence to cure error and in arriving at the reassessed sentence. *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013). Our superior court has observed that judges of the Courts of Criminal Appeals can modify sentences "more expeditiously, more intelligently, and more fairly" than a new court-martial. *Id.* at 14 (quoting *Jackson v. Taylor*, 353 U.S. 569, 580 (1957)) (internal quotation marks omitted). Based on the totality of the circumstances in this case, we again find that we may reassess the sentence, thereby curing any prejudicial effect of the errors in this case with regard to the sentence. In his brief on remand, Appellant concurs that we can reassess the sentence, as opposed to ordering a rehearing.

---

[1] These active duty tours covered 14 November 2005 to 14 March 2006, 1 December 2006 to 30 March 2007, and 1 October 2007 to 28 January 2008. *United States v. Morita*, 73 M.J. 566, 557–58 (A.F. Ct. Crim. App. 2014).

Despite the jurisdictional and multiplicity issues discussed above, including our superior court's decision, Appellant still stands properly convicted of 140 instances of forgery over an extended period. The larceny charge, the majority of the forgery line items, and the forgery in connection with claims charge no longer remain, but "the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses." *Id.* at 16. The gravamen of his offenses was that he carried out a long-term scheme to forge documents that allowed him to travel at Government expense.

In our previous review, we concluded the remaining 159 line items in the forgery charge captured the essence of the original charged offenses. We make the same conclusion regarding the 140 line items that survived our superior court's review. In addition, evidence of all the instances of forgery, including those dismissed by our superior court, could have been introduced to the members in sentencing as evidence of a continuing course of conduct involving similar actions and misconduct with the same victim. *United States v. Nourse*, 55 M.J. 229, 231–32 (C.A.A.F. 2001).

Our initial action on the jurisdictional issue reduced the maximum sentence to confinement from 35 years to 20 years, while our action on the multiplicity issue did not affect the penalty landscape, because the military judge merged this charge with the forgery charge for sentencing. During our initial review, therefore, we concluded the penalty landscape had not changed so greatly that we could not determine what sentence the members would have adjudged. We also found the remaining offenses were the sort that this court had experience and familiarity with to reliably determine what sentence would have been imposed at trial by the members. These same conclusions hold true following our superior court's review which notably did not change the penalty landscape.

Therefore, under the unique facts of this case and considering the totality of the circumstances before us, we once again find we are able to "determine to [our] satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). It is inconceivable that members faced with an officer who had committed 140 acts of forgery—largely on travel vouchers for which he was reimbursed—would not have imposed a sentence of a dismissal and at least three months confinement. We therefore once again reassess the sentence accordingly.

*Post-Trial Delay*

This case was originally docketed with this court on 10 February 2011, meaning nearly three years passed before we rendered our first decision. Although Appellant did not raise a claim of post-trial delay prior to that decision, we found Appellant was denied his due process right to a speedy post-trial review and appeal under the standards set forth in *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), and the four factors laid out in

*Barker v. Wingo*, 407 U.S. 514, 530 (1972). Following this analysis, and mindful of our mandate to consider post-trial delay in approving only so much of the sentence as we determine is appropriate, *see United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), we elected to cure any prejudicial effects of the post-trial delay and render Appellant's sentence appropriate by approving only so much of the sentence as provides for a dismissal. For the same reasons, we again reach this conclusion.

We decline to provide any further relief based on the passage of time since our first decision. Although the *Moreno* standards continue to apply as a case continues through the appellate process, the *Moreno* standard is not violated when each period of time used for the resolution of legal issues between this court and our superior court is within the 18-month standard. *United States v. Mackie*, 72 M.J. 135, 135–36 (C.A.A.F. 2013); *see also United States v. Roach*, 69 M.J. 17, 22 (C.A.A.F. 2010). The time between our superior court's remand which returned the record of trial to our court for our review and this decision has not exceeded 18 months; therefore, the *Moreno* presumption of unreasonable delay is not triggered and we do not examine the remaining *Barker* factors. *See Mackie*, 72 M.J. at 136.

*Conclusion*

Concerning Charge I and its specifications, only those instances of forgery that occurred during the following dates, and for which the Government introduced sufficient evidence to demonstrate forgery, are affirmed: (1) 14 November 2005–14 March 2006, (2) 1 December 2006–30 March 2007, and (3) 1 October 2007–28 January 2008. Therefore, we affirm only the following amended specifications under Charge I:

Specification 1: In that LIEUTENANT COLONEL STEVEN S. MORITA, United States Air Force, 60th Medical Support Squadron, Travis Air Force Base, California, did, inside or outside the United States, on divers occasions between on or about 9 November 2007 and on or about 28 December 2007, with intent to defraud, falsely make the signature and initials of Lieutenant Colonel [KP] to the following:

| Document Type | Travel Order Number | Date | Number of Signatures/Sets of Initials Per Documents |
|---|---|---|---|
| MFR | TV0144 | 28 Dec 07 | 1/0 |
| MFR | TV0141 | 13 Dec 07 | 1/0 |
| AF IMT 973 | TV0140 | 12 Dec 07 | 2/1 |
| MFR | TV0139 | 9 Nov 07 | 1/0 |

which said signature and initials, would, if genuine, apparently operate to the legal harm of another.

Specification 2:  In that LIEUTENANT COLONEL STEVEN S. MORITA, United States Air Force, 60th Medical Support Squadron, Travis Air Force Base, California, did, inside or outside the United States, on divers occasions between on or about 1 December 2006 and on or about 9 February 2007, and between on or about 9 October 2007 and on or about 20 January 2008, with intent to defraud, falsely make the signature and initials of Lieutenant Colonel [BK] to the following:

| Document Type | Travel Order Number | Date | Number of Signatures/Sets of Initials Per Documents |
|---|---|---|---|
| DD Form 1610 | TV0144 | 20 Jan 08 | 2/2 |
| DD Form 1351 | TV0144 | 28 Dec 07 | 2/1 |
| DD Form 1351 | TV0141 | 13 Dec 07 | 2/2 |
| DD Form 1351 | TV0142 | 13 Dec 07 | 2/1 |
| DD Form 1610 | TV0144 | 12 Dec 07 | 2/2 |
| DD Form 1610 | TV0141 | 20 Nov 07 | 2/2 |
| DD Form 1610 | TV0140 | 19 Nov 07 | 2/2 |
| DD Form 1610 | TV0142 | 15 Nov 07 | 2/2 |
| DD Form 1351 | TV0139 | 9 Nov 07 | 2/1 |
| DD Form 1351 | TV0140 | 1 Nov 07 | 2/2 |
| DD Form 1610 | TV0139 | 21 Oct 07 | 2/2 |
| DD Form 1351 | TV0001 | 9 Oct 07 | 2/2 |
| DD Form 1351 | TV0004 | 9 Feb 07 | 2/1 |
| DD Form 1610 | TV0004 | 2 Feb 07 | 2/2 |
| DD Form 1351 | TV0003 | 7 Dec 06 | 2/1 |
| DD Form 1351 | TV0002 | 1 Dec 06 | 2/1[2] |

which said signature and initials, would, if genuine, apparently operate to the legal harm of another.

Specification 3:  In that LIEUTENANT COLONEL STEVEN S. MORITA, United States Air Force, 60th Medical Support Squadron, Travis Air Force Base, California, did, inside or outside the United States, on divers occasions between on or about 22 December 2005 and on or about 31

---

[2]  Although this travel voucher covers travel during a time period where Appellant was not subject to court-martial jurisdiction, it contains the date "1 December 2006" next to Appellant's signature and forged signature and initials of his supervisor.  We are convinced beyond a reasonable doubt that Appellant forged this document while he was subject to court-martial jurisdiction on 1 December 2006,

January 2006, and between on or about 8 December 2006 and on or about 26 March 2007, with intent to defraud, falsely make the signature and initials of Major [ME] to the following:

| Document Type | Travel Order Number | Date | Number of Signatures/Sets of Initials Per Documents |
|---|---|---|---|
| DD Form 1351 | TV0115 | 26 Mar 07 | 2/1 |
| DD Form 1610 | TV0116 | 20 Mar 07 | 2/2 |
| DD Form 1610 | TV0115 | 20 Mar 07 | 2/2 |
| DD Form 1351 | TV0108 | 12 Mar 07 | 2/1 |
| DD Form 1351 | TV0107 | 8 Mar 07 | 2/1 |
| DD Form 1610 | TV0108 | 2 Mar 07 | 2/2 |
| DD Form 1610 | TV0107 | 23 Feb 07 | 2/2 |
| DD Form 1351 | TV0104 | 14 Dec 06 | 2/1 |
| DD Form 1351 | TV0103 | 14 Dec 06 | 2/1 |
| DD Form 1610 | TV0104 | 10 Dec 06 | 2/1 |
| DD Form 1351 | TV0102 | 8 Dec 06 | 2/1 |
| DD Form 1351 | TV0101 | 8 Dec 06 | 2/1 |
| DD Form 1351 | TV0047 | 31 Jan 06 | 2/1 |
| DD Form 1351 | TV0036 | 22 Dec 05 | 2/1 |

which said signature and initials, would, if genuine, apparently operate to the legal harm of another.

Specification 4: In that LIEUTENANT COLONEL STEVEN S. MORITA, United States Air Force, 60th Medical Support Squadron, Travis Air Force Base, California, did, inside or outside the United States, on divers occasions between on or about 4 January 2007 and on or about 9 February 2007, with intent to defraud, falsely make the signature and initials of Lieutenant Colonel [JC] to the following:

| Document Type | Travel Order Number | Date | Number of Signatures/Sets of Initials Per Documents |
|---|---|---|---|
| DD Form 1351 | TV0111 | 9 Feb 07 | 2/1 |
| DD Form 1351 | TV0007 | 25 Jan 07 | 2/1 |
| DD Form 1610 | TV0007 | 19 Jan 07 | 2/2 |
| DD Form 1351 | TV0006 | 19 Jan 07 | 2/1 |
| DD Form 1610 | TV0006 | 8 Jan 07 | 2/2 |
| DD Form 1610 | TV0111 | 4 Jan 07 | 2/2 |

which said signature and initials, would, if genuine, apparently operate to the legal harm of another.

Specification 5 is set aside and dismissed because neither of the charged instances of forgery took place while the record reveals Appellant was in Article 2(a), UCMJ, status.

Specification 6 [to be renumbered Specification 5 after this court's set aside and dismissal of Specification 5]:   In that LIEUTENANT COLONEL STEVEN S. MORITA, United States Air Force, 60th Medical Support Squadron, Travis Air Force Base, California, did, inside or outside the United States, on divers occasions between on or about 10 December 2006 and on or about 20 March 2007, with intent to defraud, falsely make the signature and initials of [JM] to the following:

| Document Type | Travel Order Number | Date | Number of Signatures/Sets of Initials Per Documents |
|---|---|---|---|
| DD Form 1610 | TV0116 | 20 Mar 07 | 1/0 |
| DD Form 1610 | TV0115 | 20 Mar 07 | 1/0 |
| DD Form 1610 | TV0108 | 2 Mar 07 | 1/0 |
| DD Form 1610 | TV0107 | 23 Feb 07 | 1/0 |
| DD Form 1610 | TV0004 | 2 Feb 07 | 1/0 |
| DD Form 1610 | TV0007 | 19 Jan 07 | 1/0 |
| DD Form 1610 | TV0006 | 8 Jan 07 | 1/0 |
| DD Form 1610 | TV0111 | 4 Jan 07 | 1/0 |
| DD Form 1610 | TV0104 | 10 Dec 06 | 1/0 |

which said signature and initials, would, if genuine, apparently operate to the legal harm of another.

Specification 7 [to be renumbered Specification 6 after this court's dismissal of original Specification 5] is set aside and dismissed because none of the charged instances of forgery took place while the record reveals Appellant was in Article 2(a), UCMJ, status.

The finding of guilty as to Charge II and its Specification is set aside and dismissed on the grounds that this court is unable to determine whether the court-martial possessed subject matter jurisdiction over the offenses of which Appellant was convicted.

The finding of guilty as to the Additional Charge and its Specification is set aside and dismissed on the grounds of multiplicity.

As so modified, the findings are correct in law and fact.  The court approves only so much of the sentence as provides for a dismissal.  The findings, as modified, and the

sentence, as reassessed and modified, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court