# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**NATHAN M. VILLARREAL**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500399**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 25 August 2015.
**Military Judge:** LtCol D.M. Jones, USMC.
**Convening Authority:** Commanding General, 2d Marine Aircraft Wing, II Marine Expeditionary Force, Cherry Point, NC.
**Staff Judge Advocate's Recommendation:** Col J.J. Murphy, USMC.
**For Appellant:** CDR Brian Mizer, JAGC, USN.
**For Appellee:** LT Robert Miller, JAGC, USN; LT James Belforti, JAGC, USN.

**19 July 2016**

---
### OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE**

PER CURIAM:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general order, one specification of failing to obey a lawful order, six specifications of assault consummated by a battery, and two specifications of knowing ill-treatment of animals, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, and 934. The convening authority approved the adjudged sentence of 12 months' confinement, reduction to pay grade E-1, forfeiture of $1,000.00 pay per month for 12 months, and a bad-conduct discharge.

The appellant alleges two errors: (1) the record of trial does not comply with RULE FOR COURT-MARTIAL 1103, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) because it does not contain the transcript or allied papers of a prior general court-martial from which the charges were withdrawn;[1] and (2) the military judge erred in permitting the Government to introduce evidence of uncharged misconduct during presentencing proceedings. We disagree with both alleged errors.

## BACKGROUND

Over the course of approximately 16 months, the appellant physically abused his spouse, Ms. CV, on multiple occasions.[2] He also mistreated their two pet dogs by kicking, punching and stomping on them. Finally, he failed to register two rifles with the Provost Marshal's Office while possessing them in base housing.

The charges in this case, along with others, were originally referred to a general court-martial on 26 February 2015. The charges were withdrawn pursuant to a pretrial agreement (PTA) in exchange for the appellant's guilty pleas to select charges before a special court-martial.

## DISCUSSION

### *Record of Trial*

We review whether a record of trial is complete *de novo*. *United States v. Henry,* 53 M.J. 108, 110 (C.A.A.F. 2000).

RCM 1103(e) states in pertinent part, "[n]otwithstanding subsections (b), (c), and (d) of this rule . . . if the proceedings were terminated by withdrawal, mistrial, or dismissal before findings . . . the record may consist of the original charge sheet, a copy of the convening order and amending orders (if any), and sufficient information to establish jurisdiction over the accused and the offenses (if not shown on the charge sheet)." The appellant fails to identify any applicable rule that requires inclusion of the transcript and exhibits from his withdrawn general court-martial in the record of trial. Moreover, the Courts of Appeals for the Armed Forces and its predecessor have long held that Article 54, UCMJ, requires only that transcripts be "substantially verbatim." *United States v. Lashley,* 14 M.J. 7, 8 (C.M.A. 1982). "Insubstantial omissions from a record of trial do not raise a presumption of prejudice or affect that record's characterization as a complete one." *Henry,* 53 M.J. at 111. "[I]f the record is sufficiently complete to permit reviewing agencies to determine with reasonable certainty the substance and sense of the question, answer or argument, then prejudice is not present." *United States v. Nelson,* 13 C.M.R. 38, 42 (C.M.A. 1953).

---

[1] The audio recording of the withdrawn general court-martial proceedings is included as Appellate Exhibit XIII.

[2] By the time of trial the appellant and Ms. CV were divorced.

While the appellant now claims "[t]his case may very well involve serious questions as to the improper withdrawal of charges and violations of . . . regulatory and statutory rights to speedy trial,"[3] any speculative issues of this kind were waived by his failure to raise them prior to entering pleas and/or his unconditional guilty pleas. *See United States v. Tippit*, 65 M.J. 69, 75 (C.A.A.F. 2007) (holding an unconditional plea of guilty waives any speedy trial issues under the Sixth Amendment and RCM 707); *see also United States v. Corcoran,* 40 M.J. 478, 484 (C.M.A. 1994) ("Nonjurisdictional defects in the preferral, forwarding, and referral process are waived if not raised prior to the entry of pleas."). In sum, the appellant fails to articulate any prejudice, and we find none. Thus, we find no merit to this assigned error.

*Presentencing Evidence*

During presentencing proceedings, Ms. CV testified, over defense objection, that the appellant kicked her in the groin area with his cowboy boots.[4] She also testified, without objection, that the appellant brandished a firearm and threatened her as she packed her car to leave him.[5] Charges based on these allegations were referred to the appellant's general court-martial, then withdrawn and dismissed as part of the PTA. The appellant asserts that the military judge erred in permitting this testimony.

We review a military judge's decision to admit or exclude sentencing evidence for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009). During the presentencing phase of a court-martial, "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." RCM 1001(b)(4). The language "directly relating to or resulting from" has been interpreted as encompassing evidence of other crimes which are part of a "'continuous course of conduct involving the same or similar crimes, the same victims, and a similar situs within the military community.'" *United States v. Nourse*, 55 M.J. 229, 231 (C.A.A.F. 2001) (quoting *United States v. Mullens*, 29 M.J. 398, 400 (C.M.A. 1990)). But, this rule does "'not authorize introduction in general of evidence of . . . uncharged misconduct,' [*Nourse*, 55 M.J. at 231] *and* is a 'higher standard' than 'mere relevance.'" *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007) (quoting *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)). The evidence of uncharged misconduct must be direct and "closely related in time, type, and/or often outcome, to the convicted crime." *Id*. at 282.

In this case, the military judge did not abuse his discretion by admitting sentencing evidence of the uncharged misconduct. Ms. CV's testimony of the appellant's physical abuse and threats gave context to, and more fully explained, the nature of the appellant's abusive behavior. As such, the evidence was directly related to the charged offenses, was part of a continuous course of misconduct toward the same victim, and was closely related in time and type to charged offenses. *Id.* at 281-82; *Nourse*, 55 M.J. at 231. Moreover, sentencing was

---

[3] Appellant's Brief of 10 Mar 2016 at 13. We note the appellant was not subject to pretrial confinement rendering Article 10 inapplicable.

[4] Record at 157.

[5] *Id.* at 161-63.

before the military judge alone, and he expressly put his MILITARY RULE OF EVIDENCE 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) analysis on the record.[6]

## CONCLUSION

The findings and sentence of the court-martial below are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[6] *Id.* at 158.