# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————————

## No. 201800009

————————————————

## UNITED STATES OF AMERICA
*Appellee*

v.

## David J. W. ZORIL
Aviation Support Equipment Technician Petty Officer Second Class (E-5), U.S. Navy
*Appellant*

————————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Aaron Rugh, JAGC, USN.

For Appellant: Captain Kimberly D. Hinson, JAGC, USNR.
For Appellee: Captain Sean M. Monks, USMC;
Lieutenant Allyson L Breech, JAGC, USN.

————————————————

Decided 22 October 2018

————————————————

Before WOODARD, FULTON, and JONES, *Appellate Military Judges*

————————————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of four specifications of possession of child pornography and two specifications of distribution of child pornography, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012).

The military judge sentenced the appellant to three years' confinement and a dishonorable discharge, which the convening authority approved.

The appellant asserts the military judge abused his discretion by admitting, during the pre-sentencing hearing, nine victim impact statements (VIS). We agree the military judge abused his discretion by admitting two of the nine VIS under R.C.M. 1001(b)(4). We find, however, that the error did not materially prejudice the substantial rights of the appellant. Therefore, we affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

## I. BACKGROUND

In January 2015, the appellant's wife reported to the Naval Criminal Investigative Service (NCIS) that she found child pornography on the appellant's computer. Acting on this information, agents searched the appellant's home and vehicle. Forensic examination of the storage devices seized during the search revealed 159 files containing images of known child pornography victims. The investigation also uncovered a logged Skype chat between the appellant and another person to whom the appellant had sent two child pornography videos. The forensic examination of the appellant's seized electronic devices also revealed his on-line search history documenting visits to chat and file sharing sites where the appellant sent an additional 12 images of child pornography to another individual.

During the pre-sentencing hearing, the government moved to enter Prosecution Exhibit (PE) 2 under RULE FOR COURTS-MARTIAL (R.C.M.) 1001(b)(4), MANUAL FOR COURTS-MARTIAL (MCM), UNITED STATES (2016 ed.). This exhibit contained 18 VIS the government claimed were associated with the child pornography series found on the appellant's devices.[1] Of the 18 VIS, 9 were dated. The defense objected to the admission of the VIS on grounds of relevance and improper evidence in aggravation under R.C.M. 1001(b)(4). The military judge admitted PE 2, but only considered the nine dated VIS.

Although the government offered the VIS under R.C.M. 1001(b)(4) (evidence offered by the government in aggravation), the record suggests that the military judge considered them under R.C.M. 1001A (statements offered by crime victims) as well. The appellant now argues that the military judge erred by considering the VIS under R.C.M. 1001A.

---

[1] Videos of a specific child victim are placed into a series by the National Center for Missing and Exploited Children (NCMEC) that is then identified with a code name.

**II. DISCUSSION**

Our discussion is limited to the nine VIS in PE 2 the military judge considered. We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). A military judge abuses his discretion when he admits evidence based on an erroneous view of the law. *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013) (citing *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008)).

**A. Analysis under R.C.M. 1001A**

Although the government offered this evidence as evidence in aggravation under R.C.M. 1001(b)(4), the record suggests that the military judge may have considered this evidence under R.C.M. 1001A. To the extent he relied on R.C.M. 1001A as a basis to admit this evidence, the military judge erred. *See generally United States v. Barker*, 77 M.J. 377 (C.A.A.F. 2018) (military judge abused his discretion by admitting VIS under R.C.M. 1001A where victim or victim's representative was not present and did not request to provide statement).

Since the VIS could not have been properly admitted under R.C.M. 1001A, we will consider whether they were properly admitted under the government's theory of admissibility, as evidence in aggravation under R.C.M. 1001(b)(4).

**B. Analysis under R.C.M. 1001(b)(4)**

R.C.M. 1001(b)(4) governs what the prosecution may present as evidence in aggravation during the presentencing phase of courts-martial, and permits trial counsel to "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." *United States v. Nourse*, 55 M.J. 229, 231, (C.A.A.F. 2001).

The appellant asserts that because the dated VIS predated the appellant's trial they did not directly relate to, or result from, the appellant's actions. We disagree.

Children portrayed in child pornography are victims of those who possess and distribute the pornography. *Paroline v. United States*, 572 U.S. 434, 439-40 (2014). The possession and distribution of child pornography is directly related to the effect those crimes have on the portrayed victims, even if the statements are not specifically written for the appellant's court-martial. The victims' statements in this case describe the ongoing harm they experience as a result of new offenders coming into possession of their images. We have no

difficulty concluding that the harm they describe directly relates to and results from the offenses of which the accused was found guilty. *See United States v. Evans*, No. 201300174, 2014 CCA LEXIS 368, at *23, (N-M. Ct. Crim. App. 26 Jun 2014) (noting the impact upon the children used in the production of pornography) (unpub. op.) *rev. denied*, 74 M.J. 262 (C.A.A.F. 2015). *Cf. United States v. Hamilton*, 77 M.J. 579, 584-85 (A.F. Ct. Crim. App. 2017) (child pornography victim's statement created before accused's offense nonetheless relates to that offense in context of R.C.M. 1001A). We find that all of the dated letters (except two that we will take up below) were directly related to the harm caused by the appellant's crime.

Having concluded that the statements in question qualify as evidence in aggravation under R.C.M. 1001(b)(4), we must determine whether they also pass the balancing test under MILITARY RULE OF EVIDENCE (MIL. R. EVID.) 403, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.). This rule allows the military judge to exclude relevant evidence if its probative value is substantially outweighed by unfair prejudice or needlessly presenting cumulative evidence. We find that the statements are highly probative evidence to the psychological and social harm done by the appellant's actions, as those VIS were authored by the victims portrayed in the images the appellant pled guilty to possessing and distributing. All of the VIS addressed the social and psychological harm the victims experienced as a result of having their images continually coming into the possession of new offenders.

Here, the military judge did not articulate his MIL. R. EVID. 403 balancing analysis on the record. Therefore, we will do so ourselves. In conducting our analysis, we find that there is a direct relationship between the effects of abuse used to create child pornography and the effects of the viewing. Child pornography is "a permanent record of the children's participation" and the trauma to the child is "exacerbated by [its] circulation." *New York v. Ferber*, 458 U.S. 747, 759 (1982). The unlawful conduct of every individual who reproduces, distributes, or possesses the images of the victim's abuse sustains and aggravates the harm suffered by the victim arising from the original abuse. *See Paroline*, 572 U.S. at 439-40. We further find the probative value of the VIS is not substantially outweighed by the danger of unfair prejudice to the appellant. We conclude that the VIS were directly related to the appellant's crimes, not cumulative, and not unfairly prejudicial. We find the military judge properly admitted seven of the nine dated VIS under R.C.M. 1001(b)(4).

We do find, however, that the military judge abused his discretion by admitting two of the nine VIS—those found on pages 21 and 22 of PE 2. These

statements bear no indication of being related to any of the images the appellant admitted possessing and distributing. Although the appellant agreed not to object to the exhibit on grounds of foundation or authenticity, there is simply no reason to conclude that these statements are relevant to this case. We find that their admission was error.

We have tested this error for prejudice using the four factors announced in *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005): (1) the strength of the government's case, (2) the strength of the appellant's case, (3) the materiality of the admitted evidence, and (4) the quality of the admitted evidence. We find that this error did not substantially influence the adjudged sentence. *See United States v. Gomez*, 76 M.J. 76, 80 (C.A.A.F. 2017).

**C. Error in promulgating order**

Although not raised as error, we note that the CA's promulgating order erroneously reflects that the appellant pleaded and was found guilty of Charge I,[2] Specification 6—wrongfully distributing *videos* of child pornography. However, the appellant actually pleaded and was found guilty of wrongfully distributing *images*, not videos, of child pornography. The appellant is entitled to accurate court-martial records. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998) (citation omitted). Accordingly, we order the necessary corrective action in our decretal paragraph.

### III. CONCLUSION

The findings and the sentence as approved by the convening authority are affirmed. However, the supplemental promulgating order shall correctly reflect that the appellant pleaded guilty to, and was found guilty of wrongfully distributing child pornography images vice videos in Charge I, Specification 6.

FOR THE COURT

RODGER A. DREW, JR.
Clerk of Court

---

[2] There is only one Charge in this case. However, the government labeled the Sole Charge, "Charge I." For consistency, the supplemental promulgating order shall continue to reflect that the Charge is "Charge I."